UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**UNITED STATES OF AMERICA,**           )
                                        )
    **Plaintiff,**   )
                                        )
    **v.**            )    Case No. 1:17-cr-00109 (APM)
                                        )
**AZAM DOOST,**                         )
                                        )
    **Defendant.**    )
_____)

## GOVERNMENT'S MOTION FOR AN ORDER
## CONFIRMING WAIVER OF ATTORNEY-CLIENT PRIVILEGE
## AND AUTHORIZING DISCLOSURE OF INFORMATION

The United States of America, by and through its undersigned attorneys, respectfully files this motion seeking an order confirming a limited waiver of the attorney-client privilege and authorizing disclosure of information. As grounds for this request, the United States respectfully submits the following:

On September 24, 2019, a jury convicted defendant of three counts of major fraud against the United States (counts 1-3), eight counts of wire fraud (counts 4-11), four counts of false statement to the Overseas Private Investment Corporation on loan application or extension (counts 12-15), and five counts of money laundering (count 16-20). ECF # 54. At trial, defendant was represented by attorneys Kevin B. Ross and Tiffany Talamantez ("trial defense counsel"). On November 5, 2018, defendant changed counsel and is now represented by attorneys Glenn Seiden and Andrew M. Friedman. Minute Order 11/5/18. On February 21, 2019, defendant filed a combined Rule 29 and 33 motion. ECF #105. The majority of the arguments in defendant's motion allege ineffective assistance of counsel by defendant's trial counsel. Although defendant

argued, as part of his ineffective assistance of counsel claim, the general five-year statute of limitation, he did not address the application of the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287. *Id.* at 18-19, 36-39. On March 7, 2019, the government filed an opposition to defendant's motion and raised the WSLA. ECF #106 at 16, 28-33. On March 19, 2019, defendant filed a reply in support of his motion in which he discussed, for the first time, his arguments against application of the WSLA. ECF #115 at 13-19. On March 22, 2019, the Court held a hearing on defendant's motion. At the hearing, the Court raised questions as to whether trial defense counsel considered the WSLA and, if so, why they did not file a motion challenging parts of the indictment as beyond the applicable statute of limitations. The Court also said it would consider a motion from the government seeking a limited waiving of the defendant's attorney-client privilege so the government could talk with trial defense counsel about the claim of ineffective assistance of counsel, including application of the WSLA. The government hereby files that motion.

To be able to appropriately answer defendant's ineffective assistance of counsel arguments, the United States respectfully requests an order that:

(1) confirms that the defendant has waived the attorney-client privilege with respect to the claims of ineffective assistance of trial defense counsel raised in Defendant Doost's Combined Rule 29 and 33 Motion, ECF #105, and Reply in Support of Combined Rule 29 and 33 Motion, ECF #115;

(2) finds that any disclosures made by trial defense counsel, and any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, relating to defendant's ineffectiveness claims are authorized by Rule 1.6(e)(3) of the D.C. Rules of Professional Conduct; and

(3) authorizes trial defense counsel to discuss their representation of the defendant with representatives of the government as it relates to the defendant's ineffectiveness claims, disclose to the government any documents in their possession relating to these claims, and, testify, if needed, at any evidentiary hearing with respect to these claims, including:

(A) disclosing otherwise confidential or privileged information in communicating with government counsel about the representation of the defendant as it relates to the defendant's claims of ineffective assistance; and

(B) providing government counsel with any relevant documents in their possession.

(4) limits the government's use of any information provided by trial defense counsel, and any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, to obtaining and providing to the Court evidence from trial defense counsel, or any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, in response to the claims of ineffective assistance in the defendant's motion and to any further litigation of that motion, and to any appeal of the Court's ruling on that motion; and, if defendant's convictions should later be vacated, this Court may consider additional questions on the limitation of the use of this information. Any such limitation on the use of information would not, however, preclude the government from prosecuting the defendant for perjury or obstruction of justice should any information that he provided to trial defense counsel be proof of perjury or obstruction of justice occurring in this post-conviction proceeding.

## **ANALYSIS**

Although the government believes that a Court Order is not necessary because, by challenging the constitutional adequacy of trial defense counsel's representation and advice, defendant has waived the attorney-client privilege and work product privilege with respect to the

issues raised in his ineffectiveness claims, the government nonetheless seeks an Order confirming that the defendant has waived his privilege with respect to these claims the defendant raises in his new trial motion.

Courts in this jurisdiction commonly grant such orders in connection with collateral attack litigation involving allegations of ineffective assistance of counsel. *See, e.g., United States v. Flowers*, No. 15-023, ECF #88 (D.D.C. Oct. 18, 2017) (Howell, C.J.); *United States v. Straker*, No. 06-102, 2017 WL 2937564, at *1 (D.D.C. July 10, 2017) (Bates, J.); *United States v. (Lee) Ayers*, No. 08-CR-364, ECF #71 (D.D.C. Feb. 2, 2017) (Bates, J.); *United States v. (Elohim Bey) Cross*, No. 09-281, ECF #460 (D.D.C. Jan. 18, 2017) (Cooper, J.); *United States v. (Bryan W.) Talbott*, No. 11-CR-357, ECF #172 (D.D.C. Aug. 17, 2016) (Collyer, J.).

There is a "longstanding consensus in the federal courts that a formal claim of ineffective assistance of counsel implicitly waives the attorney-client privilege." *United States v. Juan*, 48 F. Supp. 3d 853, 858 (E.D. Va. 2014) (citations omitted); *see, e.g., In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege"); *United States v. Straker*, No. 06-102, 2017 WL 2937564, at *1 (D.D.C. July 10, 2017) (citations omitted).[1]

---

[1] *See also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("[I]n the habeas context, courts have found implied waiver of [attorney-client] privileges when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'") (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)); *Eldridge v. United States*, 618 A.2d 690, 692 n.3 (D.C. 1992) (citing *Doughty v. United States*, 574 A.2d 1342, 1343 (D.C. 1990)).

The work product doctrine, which is related to the attorney-client privilege, "shelters the mental processes" of the attorney. *United States v. Nobles*, 422 U.S. 225, 238 (1975). "The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived." *Id.* at 239. The work product doctrine, like the attorney-client privilege, is

4

Attorneys in the District of Columbia ordinarily cannot reveal a "confidence or secret" of a client. D.C. R. Prof. Conduct 1.6(a)(1). Under D.C. Rule of Professional Conduct 1.6(e)(3), counsel may disclose client confidences or secrets to the extent necessary to respond to claims of ineffective assistance of counsel:

> (e) A lawyer may use or reveal client confidences or secrets: . . .
>
> > (2)(A) when permitted by these Rules or required by law or court order; . . .
> >
> > (3) . . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client . . .

The D.C. Bar Legal Ethics Committee has determined that a lawyer may disclose client confidences and secrets pursuant to Rule 1.6(e)(3), insofar as reasonably necessary to respond to the client's "specific allegations about the lawyer's representation." *See* Opinion 364, *Confidentiality Obligations When Former Client Makes Ineffective Assistance of Counsel Claim* (January 2013), at 1.[2] Thus, an attorney who discloses client confidences or secrets in response to a former client's claim of ineffective assistance of counsel made in a post-conviction motion filed by the client does not violate the duty of confidentiality regarding client information.

Here, by filing his motion and asserting his claims that trial defense counsel performed ineffectively, defendant has put counsel's advice and representation directly in issue. Therefore, the defendant has waived the attorney-client privilege with respect to his ineffectiveness claims. A waiver of privilege extends to all "communications relating to the same subject matter." *In re*

---

waived with respect to issues raised by defendant's ineffectiveness claims. *See Alvarez v. Woodford*, No. 03-99000, 81 F. App'x 119, 120 (9th Cir. Nov. 12 2003) (per curiam) (citation omitted); *see also Nobles*, 422 U.S. at 239-40; *Clifford v. United States*, 532 A.2d 628, 636-37 (D.C. 1987). For convenience, references to the attorney-client privilege in this motion should be read to include the work product doctrine.

2      Available at https://www.dcbar.org/bar-resources/legal-ethics/opinions/opinion364.cfm.

*Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989) (quoting *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982)).

Therefore, the United States respectfully requests that this Court issue an order that:

(1) confirms that the defendant has waived the attorney-client privilege with respect to the claims of ineffective assistance of trial counsel raised in defendant's motion;

(2) finds that any disclosures made by trial defense counsel, and any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, relating to defendant's ineffectiveness claims are authorized by Rule 1.6(e)(3) of the D.C. Rules of Professional Conduct; and

(3) authorizes trial defense counsel to discuss their representation of the defendant with representatives of the government as it relates to the defendant's ineffectiveness claims, disclose to the government any documents in their possession relating to these claims, and, testify at any evidentiary hearing, if needed, with respect to these claims, including:

(A) disclosing otherwise confidential or privileged information in communicating with government counsel about the representation of the defendant as it relates to the defendant's claims of ineffective assistance; and

(B) providing government counsel with any relevant documents in their possession;

(4) limits the government's use of any information provided by trial defense counsel, and any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, to obtaining and providing to the Court evidence from trial defense counsel, or any other person acting on the defendant's behalf in connection with trial defense counsel's representation of him, in response to the claims of ineffective assistance in the defendant's motion and to any further litigation of that motion, and to any appeal of the Court's ruling on that motion;

and, if his convictions should later be vacated, this Court may consider additional questions on the limitation of the use of this information. Any such limitation on the use of information would not, however, preclude the government from prosecuting the defendant for perjury or obstruction of justice should any information that he provided to trial defense counsel be proof of perjury or obstruction of justice occurring in this post-conviction proceeding.

A proposed order is attached.

Respectfully submitted,

ROBERT A. ZINK
Acting Chief, Fraud Section

/ s / *Daniel P. Butler*
_____

DANIEL P. BUTLER
D.C. Bar #417718
MICHAEL P. MCCARTHY
D.C. Bar #1020231
Trial Attorneys, Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW, Fourth Floor
Washington, D.C. 20530
(202) 307-2184 (Butler)
(202) 305-3995 (McCarthy)
Daniel.Butler2@usdoj.gov
Michael.McCarthy2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, a copy of the foregoing document has been or will be sent via ECF to counsel for the defendant.

/ s / *Daniel P. Butler*
_____
Daniel P. Butler
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice