UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 1:17-cr-00109-APM |
| | ) | |
| **AZAM DOOST,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Azam Doost seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) "in light of his bronchial asthma which," he contends, "put[s] him at increased risk of death or serious illness from the coronavirus (COVID-19)." *See* Def.'s Emergency Mot. for Compassionate Release, ECF No. 176 [hereinafter Def.'s Mot.], at 1. Because his case is currently on appeal before the D.C. Circuit, Defendant requests an "indicative ruling" that this court will grant his motion "should the D.C. Circuit remand for that purpose, so that [he] may request that the D.C. Circuit remand the case." *Id.* at 4. For the following reasons, Defendant's motion is denied.

Defendant stands convicted of three counts of major fraud against the United States, eight counts of wire fraud, four counts of making false statements on a loan application, and five counts of money laundering. *See* Verdict Form, ECF No. 53. He was sentenced to 54 months of incarceration, *see* Judgment in a Criminal Case, ECF No. 159, at 3, and, on November 5, 2019, reported to USP Atwater in Atwater, California to serve his sentence, *see* Gov't Opp'n to Def.'s Mot., ECF No. 177 [hereinafter Gov't Opp'n], at 2.

Having served only six months, or 11 percent, of his 54-month sentence, Defendant now seeks release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  That statute allows a court to modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  If the administrative exhaustion requirement is met,[1] the court must determine whether "extraordinary and compelling reasons warrant" the modification, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.* cmt. 1.(A).

Defendant contends that the COVID-19 outbreak, coupled with his asthma, constitute "extraordinary and compelling reasons" justifying his release.  *See* Def.'s Mot. at 7.  The court agrees that, generally speaking, the COVID-19 pandemic can present significant risks in a prison environment, and that individuals with "moderate to severe" asthma are at higher risk of severe illness from the disease.  *See People Who Are at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL & PREVENTION (April 15, 2020).[2]  However, Defendant's particular circumstances do not justify release.

---

[1] The court need not determine whether Defendant has exhausted his administrative remedies, because he has not identified "extraordinary and compelling reasons" that warrant a reduction of his sentence.  *See* 18 U.S.C. § 3582(c)(1)(A).
[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 5, 2020).

2

Importantly, Defendant's evidence of "moderate to severe" asthma is tenuous at best. Defendant's medical records indicate no history of asthma prior to 2015. *See* Mot. for Leave to File Under Seal, ECF No. 178, Ex. A., ECF No. 178-1, at 9 (medical record from April 2, 2015, indicating "no hx asthma"). He was prescribed asthma medication in 2015 and 2016, *id.* at 11, 29, 69, but asthma does not appear on the "Problem List" of conditions identified by his physician, *id.* at 1. Defendant himself reported that, at the time of his sentencing, he was suffering only "seasonal asthma" and "does not use an inhaler." *See* Presentence Investigation Report, ECF No. 117, at 19. Based on this record, Defendant has not established that he suffers from "moderate to severe" asthma. *See Asthma Care Quick Reference*, NAT'L INST. OF HEALTH, NAT'L HEART, LUNG, AND BLOOD INSTITUTE 5 (2012) (listing the asthma severity classifications and describing characteristics of "moderate" and "severe" asthma).[3]

Moreover, Defendant has not shown that his place of detention, USP Atwater, presents a greater risk of exposure to COVID-19 relative to the risk presented in the community. As of May 5, 2020, there have been no reported cases at USP Atwater. *See BOP COVID-19 Modified Operations Plan*, *COVID-19 Cases*, BUREAU OF PRISONS.[4] Defendant appears to be housed in a separate unit of the facility known as the "Camp," *see* Def.'s Mot., Ex. 2, ECF No. 176-2, which houses only 122 inmates and is not allowing visitors, *see USP Atwater*, BUREAU OF PRISONS.[5] By contrast, Defendant seeks to be released to his home in Alameda County, California, which, as of May 5, 2020, had reported 1,776 confirmed cases of COVID-19 and 63 deaths. *See Covid-19 Status Report*, *Alameda County*, JOHNS HOPKINS UNIVERSITY.[6] Even if, as Defendant suggests, the COVID-19 count at USP Atwater is understated due to stricter testing protocols, he has not

---

[3] Available at https://www.nhlbi.nih.gov/files/docs/guidelines/asthma_qrg.pdf (last accessed May 5, 2020).
[4] Available at https://www.bop.gov/coronavirus/ (last accessed May 5, 2020).
[5] Available at https://www.bop.gov/locations/institutions/atw/ (last accessed May 5, 2020).
[6] Available at https://bao.arcgis.com/covid-19/jhu/county/06001 html (last accessed May 5, 2020).

demonstrated that remaining at USP Atwater makes him more vulnerable to the disease than continuing his sentence on home detention.

Nor has Defendant identified compelling evidence to suggest that the measures USP Atwater has taken to protect its inmates have been inadequate. Defendant's chief concern appears to be with inadequate precautions taken at his work assignment, UNICOR. *See* Def.'s Mot., Ex. 1, ECF No. 178-1 (stating that Defendant felt "vulnerable" because untested materials and unscreened drivers were coming into his work area). However, Defendant's proof of this purported inadequacy is an email sent to the warden in the early stages of the pandemic on March 21, 2020, containing his observations of the workplace. Defendant offers no contemporaneous evidence to substantiate his concerns. Defendant also references a District of Nevada case concerning USP Atwater, *United States v. Atkinson*, where a court granted release of a defendant who had an unspecified "severe illness," and who represented that the CDC's guidelines for preventing the spread of COVID-19 were not being followed at the prison. *See* No. 2:19-CR-55 JCM (CWH), 2020 WL 1904585, at *4. (D. Nev. Apr. 17, 2020). The court accords little weight to the declaration in *Atkinson*, however, as that court made no factual findings and did not address conditions at the "Camp." Moreover, in this case, Defendant has not made similar representations about the conditions at USP Atwater.

In sum, Defendant has identified no "extraordinary and compelling" circumstances warranting his release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's Emergency Motion for Compassionate Release, ECF No. 176, is therefore denied.

Date: May 6, 2020.

Amit P. Mehta
United States District Court Judge

4